of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

**XIU FENG LIN, aka Xiu Feng Chen, aka Lin Xiu Feng, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* United States Department of Justice, Respondents.**

No. 07–3710–ag.

United States Court of Appeals, Second Circuit.

Nov. 18, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former

Daniel B. Lundy, Barst & Mukamal, LLP, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Briena L. Strippoli, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: DENNIS JACOBS, Chief Judge, and JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiu Feng Lin, a native and citizen of the People's Republic of China, seeks review of an August 24, 2007 order

Attorney General Alberto R. Gonzales as a respondent in this case.

of the BIA denying her motion to reopen. *In re Xiu Feng Lin,* No. A078 471 884 (B.I.A. Aug. 24, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

The BIA did not err in denying Lin's untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also* 8 C.F.R. § 1003.2(c)(2). Lin argues that the BIA erred in finding that the evidence she submitted failed to demonstrate either material changed country conditions excusing the untimely filing of her motion to reopen or her *prima facie* eligibility for relief. However, this argument fails because we have previously reviewed the BIA's consideration of evidence similar to that which Lin submitted and have found no error in its conclusion that such evidence is insufficient to establish either material changed country conditions or a reasonable possibility of persecution. *See Jian Hui Shao,* 546 F.3d at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Finally, contrary to Lin's argument, she was not eligible to file a successive asylum application based on her changed personal circumstances. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).